Robert E. Stone, Petitioner-Appellant,

v.

Board of Regents of the University of Wisconsin System, Respondent-Respondent.

Court of Appeals

*No. 2006AP2537. Submitted on briefs April 16, 2007.
—Decided September 13, 2007.*

2007 WI App 223

(Also reported in 741 N.W.2d 774.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Aaron N. Halstead* and *Kathleen M. Lounsbury* of *Hawks Quindel Ehlke & Perry, S.C.*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Mary E. Burke*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J.   This is an open records law case. The requester, Robert Stone, appeals an order of the circuit court granting summary judgment against him and dismissing his mandamus action against the University of Wisconsin-Madison Survey Center. Admittedly, the University destroyed what it believed were identical copies of otherwise available documents that were responsive to Stone's open records request. Stone suspects that some of these allegedly identical copies were not identical, but instead altered in some fashion. Stone contends that, once he submitted his open records request to the University, the University was prohibited, under WIS. STAT. § 19.35(5) (2003–04),[1] from destroying any copies of responsive documents because such documents are "records" as defined by WIS. STAT. § 19.32(2). The circuit court disagreed. The court ruled that a copy of a "record" is not itself a "record" within the meaning of the open records law and, therefore, the University did not violate the prohibition on destroying requested records. We affirm the circuit court.[2]

## Background

¶ 2.   Robert Stone was employed by the University of Wisconsin-Madison Survey Center. During 2004, Stone received information that he interpreted as indi-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] This case involves a single open records request to a single authority subject to the law. We do not address the situation in which an authority or legal custodian has an identical copy of a responsive record kept by a different authority or legal custodian. That is, we do not address whether an authority or legal custodian may deny access to an identical copy because the "original" record is kept by a different authority or legal custodian.

cating that a co-worker and Stone's immediate supervisor, Stephen Coombs, were actively working toward Stone's termination. On April 15, 2005, Stone served a written public records request on his supervisor's supervisor, John Stevenson. The request read, in pertinent part:

> This serves notice that under Wisconsin Statutes 19.35(1)(a) and 19.35(1)(am), I am requesting all correspondence and documents, electronic or otherwise, concerning or mentioning me by name or reference in any permutation or derivative, those concerning or mentioning performance or review in any permutation or derivative, and those that contain the terms "supervisor," "interview," or "questions" in any permutation or derivative, from 4/01/04 through the present. I request these from Steve Coombs, Lisa Klein, and John Stevenson.

¶ 3.   Coombs and Stevenson were responsible for responding to Stone's open records request.[3] The two men searched electronic files on their computers, such as saved e-mails, looking for responsive documents. Coombs and Stevenson averred that they had no hard-copy documents responsive to Stone's request that were not also available in electronic form.[4] Both men printed out hard-copy versions of documents they believed might be responsive to Stone's request. Coombs took his documents to Kinko's for copying, and Stevenson per-

---

[3] Other University employees participated in locating responsive documents, but their participation adds nothing of substance to the facts we rely on in this opinion.

[4] The exceptions to the averments summarized in paragraph 3 above relate to documents that are not at issue in this appeal. Furthermore, we recite only facts bearing on the limited issues before us. Stone has abandoned several arguments he made before the circuit court.

sonally made photocopies of documents he printed out. Both men admitted destroying some of these printouts and photocopies, but also averred that they destroyed only printouts and photocopies that were identical to either retained hard-copy documents or documents that remained available as electronic documents.

¶ 4.   On April 28, 2005, Stevenson informed Stone that the requested records were available. Stone reviewed the materials, which, in his view, indicated that some records responsive to his request had not been made available, but had instead been destroyed. Stone petitioned for a writ of mandamus under WIS. STAT. § 19.37. Among other things, Stone alleged that Coombs and Stevenson "shredded documents that were within the scope of Stone's public records request."

¶ 5.   Stone complained that Coombs and Stevenson failed to comply with the open records law by destroying responsive records in violation of WIS. STAT. § 19.35(5). Stone argued that a copy of a "record" is itself a "record" as that term is defined in WIS. STAT. § 19.32(2) and, therefore, the destruction of a copy of a "record" is prohibited by § 19.35(5). Stone argued that the destruction of copies prevented him or anyone else from determining whether any of the destroyed documents were responsive records that differed from the records retained by the University and made available to Stone.

¶ 6.   The University moved for summary judgment, seeking dismissal of Stone's writ petition. The circuit court granted summary judgment in favor of the University. The circuit court assumed for purposes of summary judgment that the University shredded documents that, if viewed in isolation, were responsive to Stone's request because they fit the parameters of that request, including that they be in existence prior to the

683

time Stone submitted his request.[5] The circuit court accepted as unrebutted Stevenson's and Coombs' averments that only identical copies were destroyed.[6] The court explained that Stone provided no evidence of a factual dispute regarding whether the destroyed documents were anything other than identical copies. The court then rejected Stone's argument that, because an identical copy of a "record" is itself a "record" under WIS. STAT. § 19.32(2), the destruction of identical copies of responsive documents that continue to exist is a violation of WIS. STAT. § 19.35(5). The circuit court wrote: "In this context, a record is the original document, whether in electronic form or paper, and any copies made from the original are not records but just that, copies."

### *Statutes Involved*

¶ 7. WISCONSIN STAT. § 19.32(2) provides:

"Record" means any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority. "Record" includes, but is not limited to, handwritten, typed or printed pages, maps,

---

[5] There may or may not be a factual dispute as to whether any of the shredded documents were responsive. The University asserts that it is undisputed that all of the destroyed printouts and photocopies were created after Stone submitted his open records request and therefore, as a matter of law, such documents do not fit Stone's request, which sought documents created between April 1, 2004, and "the present," April 15, 2005. We need not address this issue. Like the circuit court, we assume that the destroyed documents Stone complains about were in existence before Stone submitted his request.

[6] The circuit court does not mention Coombs specifically, but it is apparent that its finding on this topic covers both Stevenson and Coombs.

charts, photographs, films, recordings, tapes (including computer tapes), computer printouts and optical disks. "Record" does not include drafts, notes, preliminary computations and like materials prepared for the originator's personal use or prepared by the originator in the name of a person for whom the originator is working; materials which are purely the personal property of the custodian and have no relation to his or her office; materials to which access is limited by copyright, patent or bequest; and published materials in the possession of an authority other than a public library which are available for sale, or which are available for inspection at a public library.

¶ 8.   WISCONSIN STAT. § 19.35(5) provides:

RECORD DESTRUCTION. No authority may destroy any record at any time after the receipt of a request for inspection or copying of the record under sub. (1) until after the request is granted or until at least 60 days after the date that the request is denied or, if the requester is a committed or incarcerated person, until at least 90 days after the date that the request is denied. If an authority receives written notice that an action relating to a record has been commenced under s. 19.37, the record may not be destroyed until after the order of the court in relation to such record is issued and the deadline for appealing that order has passed, or, if appealed, until after the order of the court hearing the appeal is issued. If the court orders the production of any record and the order is not appealed, the record may not be destroyed until after the request for inspection or copying is granted.

### *Standard Of Review And Applicable Legal Principles*

¶ 9.   We review summary judgment decisions *de novo,* applying the same methodology as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304,

315–17, 401 N.W.2d 816 (1987). That methodology is well established and need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751. It is sufficient to say that we construe the facts in the light most favorable to the nonmoving party. *Strozinsky v. School Dist. of Brown Deer*, 2000 WI 97, ¶ 7 n.3, 237 Wis. 2d 19, 614 N.W.2d 443. And where, as here, the facts are not in dispute, our task is simply to apply the law to the undisputed facts. *Kraemer Bros. v. Dane County*, 229 Wis. 2d 86, 92–93, 599 N.W.2d 75 (Ct. App. 1999). The application of the open records statutes to undisputed facts is a question of law that we review *de novo. Hempel v. City of Baraboo*, 2005 WI 120, ¶ 21, 284 Wis. 2d 162, 699 N.W.2d 551.

¶ 10. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We must construe a statute in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably, to avoid absurd or unreasonable results. *Id.*, ¶ 46. A statute is ambiguous if it supports two or more reasonable interpretations. *See id.*, ¶ 47.

### Discussion

¶ 11. Stone argues that the circuit court erred when it ruled that a copy of a "record" is not itself a "record" within the meaning of the open records law and, therefore, the circuit court erred when it concluded as a matter of law that the University had not

violated the prohibition on destroying requested records found in Wis. Stat. § 19.35(5).

¶ 12. Wisconsin Stat. § 19.35(5) reads, in pertinent part: *"No authority may destroy any record* at any time after the receipt of a request . . . until after the request is granted or until at least 60 days after the date that the request is denied . . . ."* (Emphasis added.) The term "record," in turn, is defined in Wis. Stat. § 19.32(2). As is applicable here, § 19.32(2) defines a "record" as "any material on which . . . information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority."

¶ 13. For purposes of summary judgment, we accept Stone's assertion that it is undisputed that employees acting on behalf of the University destroyed printouts and photocopies of retained electronic records that were responsive to Stone's open records request and that the destruction occurred after Stone's request and within 60 days of Stone's request. Furthermore, we assume that, if viewed in isolation, the destroyed printouts and photocopies were "material on which . . . information is recorded or preserved" and they were "created" and "kept" by an "authority." According to Stone, because "record," as defined in Wis. Stat. § 19.32(2), includes copies of responsive records, it follows that the University's destruction of the copies at issue here violated Wis. Stat. § 19.35(5).

¶ 14. Stone is concerned that the circuit court's interpretation of the open records law insulates the surreptitious destruction of somewhat altered versions of documents. In Stone's view, requesters and courts will always be at the mercy of a record-destroyer's own self-serving testimony because the destruction eliminates all possibility of independently confirming

687

whether destroyed documents are identical copies. Here, for example, Stone argues that it is impossible for him to rebut what he describes as the self-serving affidavits of Coombs and Stevenson. The solution, Stone contends, is to interpret two provisions of the open records law in tandem as prohibiting the destruction of copies, even copies that are truly identical copies. Stone's reasoning boils down to this:

1.  What appears to be an identical copy of a record may in fact be a somewhat altered "new original" record.

2.  Records custodians cannot be trusted to determine what is an identical copy and what is a "new original."

3.  The destruction of alleged copies eliminates the possibility of later determining whether the "copy" was in fact a "new original."

4.  Neither the prohibition on destroying a responsive record, Wis. Stat. § 19.35(5), nor the statute defining "record," Wis. Stat. § 19.32(2), excepts an identical copy of a record from the definition of "record."

5.  The purpose of the open records law is fulfilled by interpreting the term "record" in § 19.32(2) as including all copies of responsive records and, therefore, interpreting § 19.35(5) as prohibiting the destruction of such copies.

¶ 15.   Part of Stone's argument requires clarification before we proceed. Stone repeatedly asserts that, under the open records law, a requester is entitled to access to all records that satisfy his or her request and, because a copy is itself a "record," the requester is likewise entitled to access to all copies of such records. However, faced with the University's argument that

688

such a requirement leads to the absurdity that a custodian would be required to provide access to multiple identical copies, Stone backpedals. In his reply brief, Stone says he has never argued "that an obligation exists to provide multiple copies, if that would mean the production of truly identical copies." The problem is that Stone makes exactly that argument, and necessarily so.

¶ 16. If Stone is correct that Wis. Stat. § 19.35(5) prohibits the destruction of all copies of records, even identical copies, it would be because § 19.35(5)'s reference to "record" includes an identical copy. The term "record" is defined in Wis. Stat. § 19.32(2). If an identical copy is itself a "record" under § 19.32(2), then it is a "record" for purposes of both the access provisions in the open records law and the prohibition on destruction. Stone suggests no reason to believe that the term "record" might have one meaning in § 19.35(5) and a different meaning in § 19.32(2). Accordingly, if Stone is correct that § 19.35(5) prohibits the destruction of all identical copies, it follows that access provisions, such as § 19.35(1), create an obligation to provide access to all identical copies. For this reason, we interpret Stone's argument as including its necessary extension, namely, that the general definition of "record" in § 19.32(2) includes identical copies.[7]

---

[7] Before proceeding, we briefly address an assumption made by both Stone and the University. Both parties assume that the open records enforcement and penalty section, Wis. Stat. § 19.37, applies to a record destruction violation under Wis. Stat. § 19.35(5). Section 19.37 authorizes an action for mandamus seeking a court order for the release of requested records and certain other remedies to a requester who prevails in a mandamus action. Wis. Stat. § 19.37(1) and (2). That statute also authorizes an award of punitive damages when an

¶ 17. Having clarified parts of Stone's argument, we turn our attention to the heart of his argument: that the term "record" in Wis. Stat. § 19.32(2) includes identical copies and, therefore, Wis. Stat. § 19.35(5) prohibits the destruction of such copies.

¶ 18. We begin with the proposition that a copy that is not different in some meaningful way from an original, regardless of the form of the original, is an identical copy. More specifically, a copy that is not meaningfully different from an original for purposes of responding to a specific open records request is an "identical copy," as we use that term in this decision. If a "copy" differs in some significant way for purposes of responding to an open records request, then it is not truly an identical copy, but instead a different record. As Stone points out, some alterations, such as a copy with an added handwritten note or a copy that, unlike the original, indicates it was sent to additional parties, may turn the copy into a distinct record that must be disclosed. The University does not, nor could it reasonably, dispute this point.[8]

---

authority "arbitrarily and capriciously" denies a request or delays in responding or charges excessive fees. Wis. Stat. § 19.37(3). We need not address § 19.37's applicability to violations of § 19.35(5) because we conclude that the undisputed facts show that the University did not violate § 19.35(5).

[8] Disputes may arise as to whether a document is an identical copy and we do not purport to fully define this term. The University argues, and Stone appears to agree, that an identical copy remains an identical copy even if coffee is spilled on it. But is a copy an identical copy if, unlike the original, it is printed on bright orange paper, suggesting greater urgency to the content? It might be that the answer to that question depends on context. Moreover, it would seem that drawing distinctions between identical copies and meaningfully altered copies is inherently dependent on context. We need not explore

¶ 19. Stone's argument is hard to get a handle on because his goal is not obtaining access to identical copies, but rather to ensure the possibility—through some unspecified mechanism—that requesters like him will be able to verify whether an authority or custodian has granted access to all responsive records. To achieve this goal, Stone seeks an interpretation of the term "record" that necessarily includes documents he acknowledges requesters have no interest in—that is, identical copies. What Stone really wants is an interpretation of the open records law that permits requesters like him to participate in deciding which documents are and which are not identical copies. We reject Stone's proffered interpretation.

¶ 20. First, we agree with the University that it would be absurd to construe the term "record" in Wis. Stat. § 19.32(2) as including an identical copy of an otherwise available record. "Record" is defined in § 19.32(2) as "any material on which . . . *information* is recorded or preserved, regardless of physical form or characteristics" (emphasis added). The obvious purpose of the open records law is to provide access to the recorded *information* in records. Granting access to just one of two or more identical copies fulfills this purpose. Likewise, it would be absurd to say that an authority or custodian violates Wis. Stat. § 19.35(5) by destroying an identical copy of an otherwise available record. As the University notes, such an interpretation would mean that the statute is violated even if multiple extra copies of an electronic record are printed out by mistake and then the extra identical copies are destroyed.

this issue here because nothing in the record before us suggests that any of the destroyed copies were altered in any particular way.

¶ 21. Stone's concern that requesters like him might be deprived of full access to responsive records is not unique to copies. Regardless whether copies are involved, a records custodian might inadvertently or deceptively fail to grant access to a responsive document. An inadvertent failure might be caused by a simple mistake or ignorance of the significance of a minor detail. In such situations, requesters often lack the ability to prove the inadvertence or deception. This possible problem may be somewhat greater when copies are involved, but the problem does not differ in kind from situations that do not involve copies.

¶ 22. What remains is Stone's argument that, in this particular case, it is disputed whether the documents destroyed by Coombs and Stevenson were merely printouts of electronic documents and identical photocopies of existing hard-copy documents.

¶ 23. The circuit court accepted as true, for purposes of summary judgment, the averments of Coombs and Stevenson that all of the copies they shredded were copies either provided to Stone or otherwise retained in electronic form. The circuit court concluded that this was an undisputed fact because Stone provided no evidence that any destroyed documents were something other than identical to documents provided to Stone. Stone does not assert that he presented contrary evidence. Rather, he argues that he had no ability to present contrary evidence. Stone argues that he cannot know the contents of destroyed documents he has never seen. This argument does not differentiate Stone from requesters in non-copy situations. Such requesters will also often not know what they do not know and, consequently, be at the mercy of inadvertence or deception on the part of custodians.

¶ 24.  Stone argues that Stevenson and Coombs might have inadvertently destroyed printouts or photocopies that were different than electronic and hard-copy documents they retained. Stone argues that what appear to be identical copies might contain "slight variations from the original" because they are really an earlier draft of the record or they have on them handwritten notes. According to Stone, it "would violate not only the letter, but, also, the spirit of Wisconsin's public records law to allow a custodian to compare records and destroy one set that appears—to him or her—to be similar or even identical to the original or to another copy."

¶ 25.  Stone points to an e-mail Stevenson sent to Coombs referring to employment-related records as a reason to believe that Stevenson knowingly destroyed responsive documents. The e-mail reads:

> Thank you for all of these documents. As per your request, I have reviewed the rules and procedures to make sure that we only have the appropriate documents in there. You were correct in our conversation on the phone. Your interpretation was right -- we only put in the performance review materials. I have taken care to shred the other documents, though you should keep your notes from meetings.

Stone argues that this e-mail shows that, after receipt of Stone's request, Stevenson shredded documents that were "being considered for inclusion in Stone's personnel file." Stone does not, however, explain *why* Stevenson's e-mail might reasonably be interpreted as an admission that Stevenson shredded something that did not otherwise remain available. We discern nothing in this e-mail suggesting that Stevenson destroyed documents that did not otherwise remain available for disclosure.

¶ 26. Finally, Stone argues that the circuit court overlooked the fact that the University's answer to Stone's petition contains the assertion that Stevenson shredded copies *before* receiving Stone's open records request, specifically in "late March or early April." In contrast, Stevenson later admitted that he may have shredded copies *after* Stone's request was received. The problem with this argument is that Stevenson did not attest to any facts asserted in the University's answer, and the circuit court properly considered Stevenson's sworn affidavit to be Stevenson's version of the events.

¶ 27. In sum, we agree with the circuit court that the plain language of "record" in Wis. Stat. § 19.32(2) and Wis. Stat. § 19.35(5) does not include identical copies of otherwise available records.

*By the Court.*—Order affirmed.